1  MICHAEL M. HERRICK, Bar No. 63666
   HERRICK LAW OFFICES
2  1750 Montgomery Street, #1104
   San Francisco, CA 94111-1063
3  Telephone: (415) 781 2804; Fax: (415) 781 8446

Attorney for Plaintiff
JOSEPHINE A. TEJANO

FILED
JUN - 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE A. TEJANO,<br><br>Plaintiff,<br><br>vs.<br><br>PROVIDENCE PLACE, INC., PROVIDENCE CARE, INC. dba PROVIDENCE, DOES ONE THROUGH FIVE,<br><br>Defendants. | Case No.<br><br>C08-02826 PJH<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1). Violation of California Labor Code §1194; 2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17200); 4). Civil Penalties Under Labor Code §558; 5). L.C. §203 "waiting time" penalties; |

The Plaintiff, JOSEPHINE A. TEJANO, for her complaint alleges as follows:

### NATURE OF CLAIM

1. This is a complaint by a former employee against her ex-employer(s) for damages arising out her employer's failure to pay her overtime as required by the Fair Labor Standards Act and the California Wage Orders and Statutes. The Plaintiff seeks compensatory damages for unpaid wages in addition to liquidated damages under Title 29 U.S.C. Section 216(b), waiting time penalties under California Labor Code Section 203, attorneys' fees and costs, and

TEJANO Complaint for Damages            1.

pre- judgment interest pursuant to California Labor Code Section 1194(a) and Title 29 U.S.C. Section 216(b).

**PARTIES**

2. The Plaintiff sues fictitious Defendants Does One through Five, inclusive, pursuant to Federal Rules Civil Procedure Rules 4 and 15 consistent with CCP Section 474, because their true names and/or capacities (whether individual, corporate, associate, or otherwise), and/or facts showing them liable, are not known presently. Unless otherwise indicated, each Defendant is sued as the agent and acting with the full knowledge and consent of the other said co-defendants. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that the Plaintiff's injuries herein alleged were proximately caused by the aforementioned Defendants.

3. At all times herein mentioned: Defendants, PROVIDENCE PLACE, INC., PROVIDENCE CARE, INC., dba PROVIDENCE, DOES ONE THROUGH FIVE (hereinafter be jointly and collectively referred to as "PROVIDENCE" or "Defendant(s)"), which on information and belief is a California business entity of unknown legal composition with its principal offices located at 2456 Geary Blvd, California, 94115, has and is actively engaged in business at the its residentail care facilities in San Francisco and throught out the Bay Area of Northern California.

4. Plaintiff, JOSEPHINE A. TEJANO (hereinafter "TEJANO" or "Plaintiff"), was employed by Defendant from April of 2004 through December of 2007, as a "caregiver". TEJANO, at all times relevant herein, was a resident of the City of Oakland, State of California, and the County of Alameda.

TEJANO Complaint for Damages                   2.

## JURISDICTION

5. Jurisdiction of this action is based upon Fair Labor Standards Act, 28 U.S.C. §§201 et seq. and the pendant jurisdiction of this court and all such violations herein alleged having occurred in the County of San Joaquin, California.

6. Plaintiff, TEJANO, is a citizen of the State of California. All named Defendants are believed to be residents of, or have their principal place of business in San Francisco County, California. The matter in controversy does exceed, exclusive of interest and costs, the sum of $75,000.00.

## GENERAL ALLEGATIONS

7. During the period that included April of 2004 through December of 2007, the Plaintiff was employed by the Defendant under the title of "caregiver" for PROVIDENCE at its locations within the San Francisco Bay Area of California.

8. Plaintiff was employed by the Defendant for an indefinite duration pursuant to an oral and implied employment agreement. The terms of the agreement generally provided that Plaintiff would provide full time employment services, and in return she would be paid a an hourly wage during her employment.

9. While Plaintiff, an hourly employee, was employed by the Defendant, Plaintiff performed "non-exempt" job duties as a caregiver. Plaintiff was not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act, at *29 CFR 541.112, 541.209* and *541.309*. Plaintiff was not even marginally responsible for management and administrative functions, and Plaintiff's primary duties did not require that she exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of her working time.

TEJANO Complaint for Damages                3.

10. At no time during Plaintiff's employment did Plaintiff maintain any professional license with the State or practice any recognized profession, nor did Plaintiff exclusively manage any division of the Defendant employer's business where she customarily and regularly exercised discretionary powers or perform services of management. Plaintiff did not participate in the development of general administrative polices of her employer.

## COUNT ONE

*Violation Of California Labor Code, Non Payment Of*

*Overtime Labor Code Sections §510, 1194 - 1173*

11. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-10.

12. At all times relevant herein, Plaintiff's employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

13. During the period of April of 2004 through December of 2007, the Plaintiff worked in Defendant's behalf in excess of forty hours per week and in excess of eight hours per day. Plaintiff received no overtime wage premuim from Defendant for these hours worked in excess of forty hours per week.

14. From April of 2004 through December of 2007, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half, or double, Plaintiff's regular rate of pay. Defendant was fully

TEJANO Complaint for Damages                4.

aware of both the hours worked and duties assigned to Plaintiff. Defendant caused the Plaintiff to work such hours without additional compensation or else suffer the loss of her employment.

15. By not paying overtime wages in compliance with the state law, Defendant violated Plaintiff's rights under the law, specifically California Labor Code Section 1194.

16. As a direct and proximate result of Defendant's failure to pay proper wages under the California Wage Orders, Plaintiff incurred general damages in the form of lost wages in the amount presently believed to be by the Plaintiff to be in excess of $40,000.

17. Defendant is aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff the overtime compensation due to him at the time her employment ended.

18. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorneys' fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

### COUNT TWO

*Violation Of The Fair Labor Standards Act,*

*29 U.S.C. Section 209, et seq.*

19. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-18.

20. At all times relevant herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section

209, et seq. and the Plaintiff was an individual employee covered by virtue of her direct engagement in interstate commerce.

21. During the period of April of 2004 through December of 2007, Plaintiff worked in Defendant's behalf in excess of forty hours per week. Plaintiff received no overtime wage premuim from Defendant for these hours worked in excess of forty hours per week. At all times Plaintiff performed "non-exempt" duties in excess of that allowed by the code of federal regulations which implements the Fair Labor Standards Act, at *29 CFR 541.112, 541.209* and *541.309*.

22. During the period of April of 2004 through December of 2007, Defendant knowingly caused, suffered and permitted Plaintiff to regularly work in excess of forty hours per week without paying Plaintiff one and one half of Plaintiff's regular rate of pay. Defendant was fully aware of both the hours worked and the duties assigned to the Plaintiff. Defendant caused that Plaintiff to work such hours without additional compensation or suffer the loss of her employment.

23. By not paying overtime wages in compliance with FLSA, Defendant violated Plaintiff's right under this Act.

24. As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiff incurred liquidated damages in the form of lost wages in the amount presently known to the Plaintiff to be in excess of $40,000.

25. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff her proper pay and thus Defendants are liable to Plaintiff for liquidated damages in an amount equal to Plaintiff's lost wages pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

26. Plaintiff was required to retain attorneys for the bringing of this action and is entitled to an award of reasonable attorneys' fees pursuant to Title 29 U.S.C. Section 216(b) of the FLSA.

WHEREFORE, Plaintiff prays for Judgment as set forth below.

## COUNT THREE

*For Restitution of Unpaid Overtime Wages in Violation of California's Unfair Trade Practices Act. (B.P.C. 17203)*

27. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-26.

28. At all times relevant herein, Plaintiff's employment was subject to California Labor Code Section 1194 and applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, that required all employees to be paid overtime for work performed in excess of forty hours per week unless specifically exempted by the law.

29. At all times relevant herein, Defendant was Plaintiff's employer and was a person subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 et sec.) and failed to pay the Plaintiff overtime pay as required by California Labor Code Section 1194 and applicable Wage Orders, which required all employees to be paid overtime wages for work performed in excess of forty hours per week unless specifically exempted by the law.

30. During the period of April of 2004 through December of 2007, the Plaintiff worked in Defendant's behalf in excess of forty hours per week and eight hours per day. Plaintiff

TEJANO Complaint for Damages                                        7.

received no overtime wage premium for overtime to that which she was legally entitled from the Defendant for these hours worked in excess of forty hours per week or eight hours a day, but instead was only paid Plaintiff's regular wage of $11 per hour with Defendant keeping to itself the amount which should have been paid to the Plaintiff.

31. By not paying overtime wages in compliance with the state law, Defendant violated Section 17203 the Unfair Trade Practices Act by committing acts prohibited by applicable Wage Orders and Labor Code Section 1194 and thus giving it a competitive advantage over other employers and businesses with whom it was in competition and who were in compliance with the law.

32. As a direct and proximate result of Defendant's violations and failure to pay the required overtime wages under Wage Orders, the Plaintiff's rights under the law were violated and the Plaintiff incurred general damages in the form of unpaid wages to which she was legally entitled in the amount presently believed to be in excess of $40,000.

33. Defendant is aware of the existence and requirements of the Unfair Trade Practices Act and Labor Code Section and the Wage Order, but willfully, knowingly, and intentionally failed to pay Plaintiff the overtime compensation due.

34. Plaintiff, having been illegally deprived of the overtime wages to which she was legally entitled herein seeks restitution of such wages pursuant to Section 17203 of the Business and Professions Code.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FOUR

*(Penalty for Failure to Pay Overtime Wages Labor Code Sec. 558)*

35. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-26.

36. From April of 2004 through December of 2007, Defendant failed to pay the Plaintiff her overtime wages.

37. Pursuant to California Labor Code Section 558, the employer's failure to pay overtime wages shall cause the employer to be liable for a civil penalty of $100, to be paid to the State of California for each pay period the employee was underpaid.

38. Defendant failed to pay Plaintiff her overtime wages for 64 weekly pay periods for civil penalties due of approximately $19,000.

## COUNT FIVE

*(Penalty for Failure to pay wages at termination Labor Code Sec. 203)*

39. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-26.

40. At the time Plaintiff's employment was terminated by Defendant, Defendant owed Plaintiff in excess of $40,000 in unpaid overtime wages.

41. Failure to pay wages at an employee's termination as required by Labor Code §201, subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

42. As of this date these wages have not been paid, thus making Defendant liable to Plaintiff for penalties for thirty (30) days wages of approximately $2640.

TEJANO Complaint for Damages                9.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays judgment against the Defendants and demands as follows:

1. For compensatory damages for unpaid overtime in the amount according to proof of approximately $40,000;

2. For liquidated damages of double the unpaid overtime pursuant to Title 29 U.S.C. Section 216(b) of the FLSA believed to be in the amount of approximately $25,000;

3. For the restitution of her overtime wages pursuant to California Business and Professions Code Section 17203 believed to be in the amount of approximately $40,000;

4. For civil penalties pursuant to Labor Code Section 558 of $6400;

5. For waiting time penalty damages of thirty days wages, pursuant to California Labor Code Section 203 of approximately $2640;

6. For pre-judgment interest of 10% on the unpaid overtime compensation pursuant to California Labor Code Section 1194(a);

7. For reasonable attorneys' fees pursuant to California Labor Code Section 1194(a) and Title 29 U.S.C., Section 216(b) of the FLSA;

8. For costs of suit herein;

9. For such other and further relief as the Court may deem appropriate;

///

///

///

10. The total amount claimed in this complaint, exclusive of interest, costs and attorneys' fees, is $86,600.

Dated: June 5, 2008

                MICHAEL M. HERRICK
                Attorney at Law

By: _____
       MICHAEL M. HERRICK
       Attorney for Plaintiff
       JOSEPHINE A. TEJANO

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims alleged herein.

DATED: 6/6/08

LAW OFFICES OF MICHAEL M. HERRICK

By: _____
Michael M. Herrick
Attorney for Plaintiff
JOSEPHINE A. TEJANO

TEJANO Complaint for Damages           12.

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
JOSEPHINE A. TEJANO

**DEFENDANTS**
PROVIDENCE PLACE, INC.
PROVIDENCE CARE, INC., dba PROVIDENCE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Alameda**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **San Francisco**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HERRICK LAW OFFICES 1750 Montgomery St. #1104
San Francisco, CA 94111   (415) 781-2804

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another district (specify)
- ☐ Multidistrict Litigation
- ☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | PROPERTY RIGHTS | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐850 Securities/Commodities/ Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☒710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | |
| | ☐446 Amer w/ disab - Other | | | | |
| | ☐480 Consumer Credit | | | | |
| | ☐490 Cable/Satellite TV | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Filed under 29 U.S.C. Sec. 209 et. seq. Fair Labor Standards Act, (unpaid overtime) and pendent state claims.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ **$86,000**   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   SIGNATURE OF ATTORNEY OF RECORD
MICHAEL M. HERRICK CSB #63666



6/7/08

```
Court Name: U.S. District Court, NDCA
Division: 4
Receipt Number: 44611002269
Cashier ID: lenahac
Transaction Date: 06/06/2008
Payer Name: Herrick Law Offices

CIVIL FILING FEE
 For: Josephine A. Tejano
 Case/Party: D-CAN-3-08-CV-002826-001
 Amount:         $350.00

CHECK
 Check/Money Order Num: 4325
 Amt Tendered:   $350.00

Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:        $0.00

PJH

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```